Michail Z. Hack (MH-6127)
Schwartz Law PC
666 Old Country Road - Ninth Floor
Garden City, New York  11530

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
KATHERINE SALISBURY           :      Case No.: _____
                              :
                              :
              Plaintiff,      :      **COMPLAINT**
                              :
      - against -             :
                              :      **JURY TRIAL DEMANDED**
THE PRUDENTIAL INSURANCE      :
COMPANY OF AMERICA,           :
                              :
                              :
              Defendant.      :
---------------------------------------------------------

Plaintiff, KATHERINE SALISBURY , by and through her attorneys, SCHWARTZ LAW P.C., as and for her Complaint against Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA hereby sets forth the following:

### THE PARTIES

1. Plaintiff Katherine Salisbury (hereinafter " Plaintiff"), was and still is a resident of the State of New York, County of New York.

2. Defendant The Prudential Insurance Company of America (hereinafter "Prudential") offers group long term disability policies to employers such as Plaintiff's employer, Jefferies Group Inc.

1

3. Upon information and belief and at all times hereinafter mentioned, Defendant Prudential is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 751 Broad Street, Newark, New Jersey.

## JURISDICTION AND VENUE

4. Jurisdiction is founded on 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) because the claims herein arise under the Employee Retirement Income Security Act of 1974 [29 U.S.C. §1001 *et seq.*] and the regulations promulgated thereunder.

5. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§1391(b)(1) and (c) and 29 U.S.C. 1132(e)(2) because Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

## FACTS

6. At all times hereinafter mentioned, Plaintiff was an employee of Jefferies Group Inc.

7. On or about June 1, 2007, Defendant issued a Group Long Term Disability policy to Jefferies Group Inc. (hereinafter the "Policy").

8. At all times hereinafter mentioned, said Policy was issued for the benefit of certain eligible Jefferies Group Inc. employees in exchange for the payment of premiums.

9. At all times mentioned herein, Plaintiff was eligible for disability benefits and is a beneficiary under the Policy issued by Defendant.

10. The Policy provides, *inter alia*, that disability insurance payments will be made to Plaintiff in the event that she becomes disabled due to an injury or sickness.

2

11. On or before May 16, 2008, during the period within which the Policy was in full force and effect, and while Plaintiff was an eligible beneficiary, Plaintiff became disabled within the meaning and pursuant to the terms of the Policy in that she was unable to perform the material and substantial duties of her own occupation and had a 20% drop in her earnings.

12. As of this date, Plaintiff continues to be disabled pursuant to the Policy's terms.

13. Plaintiff filed a claim, cooperated with Defendant, provided proper proof of loss, and otherwise complied with the Policy terms and conditions regarding the filing of a claim.

14. By correspondence dated March 23, 2015 Defendant advised Plaintiff that she was no longer eligible for long term disability benefits under the Policy.

## THE ADMINISTRATIVE APPEALS PROCESS

15. Thereafter, Plaintiff timely submitted her appeal of Prudential's initial adverse long term disability benefit determination.

16. As of the filing of this Complaint, Prudential has not made a determination upon review of Plaintiff's appeal.

17. The Department of Labor regulation established to protect procedural fairness in ERISA claims such as Plaintiff's was enabled under Section 409 of ERISA [ 29 U.S.C. §1133], and is codified at 29 C.F.R. § 2560.503-1 (hereinafter, the "Regulation").

18. The Regulation requires that a Plan Administrator, such as Defendant, provide a claimant with the plan's benefit determination on claimant's administrative appeal within a reasonable period of time, but not later than 45 days after receipt of the claimant's request for review by the plan.   29 C.F.R. § 2560.503-1 i(1) and (i)(3)(I).

19.     The Regulation provides that the Plan Administrator may have an additional 45 days to render a decision on the administrative appeal but only if all of the following conditions are satisfied:

- a. The extension of time must be for "special circumstances" (such as the need to hold a hearing, if the plan's procedures provide for a hearing);
- b. Written notice of the extension shall be furnished to the claimant prior to the termination of the initial 45-day period.
- c. The extension notice shall indicate the special circumstances requiring an extension of time and;
- d. The date by which the plan expects to render the determination on review.

29 C.F.R. § 2560.503-1 i(1) and (i)(3)(l).

20.     By correspondence received by Plaintiff on December 1, 2015, Prudential advised Plaintiff that it required additional time beyond the initial 45 day period to render its determination upon review.

21.     That notice failed to delineate the "special circumstances" requiring an extension of time and was not furnished to the Plaintiff prior to the end of the initial 45 day period.

22.     The notice of extension provided to Plaintiff by Prudential failed to satisfy the Regulation's requirements entitling Prudential to an extension of time.

23.     Paragraph (l) of the Regulation provides that if an employee welfare benefit plan, such as Plaintiff's, fails to follow claims procedures consistent the Regulation, it will, by operation of law, have "fail[ed] to provide a reasonable claims procedure that would yield a decision on the merits of the claim, " and a claimant, such as Plaintiff, "[s]hall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under section 502(a) of the Act." 29 C.F.R. 2560.503-1(l).

24.     The Second Circuit holds that strict compliance with the Regulation is the standard and does not recognize a carrier's attempt at "substantial compliance" with the

Regulation. Nichols v. Prudential Ins. Co. of America, 406 F.3d 98, 101 (2d Cir. 2005)(holding "[t]hat the plain language of 29 C.F.R. § 2560.503-1(h) precludes judicial creation of a "substantial compliance doctrine"); see also, Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 223 (2d Cir. 2006)(instructing that the Second Circuit's adherence to the Regulation is "uncompromising").

25. As of the filing of this Complaint, 46 days have elapsed since the filing of Plaintiff's administrative appeal. To date, Defendant has not issued a benefit determination upon review as required by the Regulation.

26. By operation of law, Plaintiff is deemed to have exhausted her administrative remedies and is entitled to pursue this action.

## COUNT ONE

### (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

27. Under the terms the Policy, Defendant is obligated to make periodic monthly benefits to Plaintiff so long as she remains disabled under the terms of the policy until she attains the age of 67.

28. Despite Plaintiff's total disability, Defendant refused and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

29. Said refusal on the part of Defendant is a willful and wrongful breach of the Policy terms and conditions.

30. Monthly benefits to Plaintiff continue to be due and payable by Defendant with the passage of each month.

31. Defendant is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and said conflict improperly influenced its adverse benefit determinations.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiff requests declaratory and monetary judgment against the Defendant pursuant to ERISA §502(a)(1)(B) as follows:

    a)    Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant;

    b)    Defendant must pay all benefits in arrears due and owing since the termination of benefits, plus interest; and

    c)    Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy.

    d)    Plaintiff is entitled to award of attorney's fees and costs and disbursements; and

    e)    Such other relief as the Court deems just and equitable.

Dated: Garden City, New York
December 16, 2015

By: _____
Michail Z. Hack
Evan S. Schwartz
SCHWARTZ LAW PC
Attorneys for Plaintiff
666 Old Country Road - Ninth Floor
Garden City, New York 11530
(516) 745-1122