UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
KATHERINE SALISBURY,

    Plaintiff,

-against-

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

    Defendant.
------------------------------------------------------- X

Case No. 1:15cv9799

**ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

   NOW COMES DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, by and through its attorneys, Seyfarth Shaw LLP, and for its Answer and Affirmative and Other Defenses to Plaintiff's Complaint and Demand for Jury Trial states as follows:

   1.  Upon information and belief, Prudential admits the allegations in Complaint Paragraph No. 1.

   2.  Prudential admits that Jefferies Group, Inc. sponsored an employee benefit plan that offered long-term disability ("LTD") benefits for certain eligible employees, and that those LTD benefits were insured by Prudential at certain times.  Prudential denies the remaining allegations in Complaint Paragraph No. 2.

   3.  Prudential admits that it is a corporation under New Jersey law, with a place of business at 751 Broad Street, Newark, New Jersey.  Prudential denies the remaining allegations in Complaint Paragraph No. 3.

   4.  Defendant admits that Plaintiff's claim relates to an employee welfare benefit plan as defined by ERISA, and that this Court has jurisdiction.  Defendant denies the remaining allegations in Complaint Paragraph No. 4.

5. Prudential admits for the purposes of this action only that venue is appropriate in this district. Prudential denies the remaining allegations in Complaint Paragraph No. 5.

6. Prudential lacks knowledge or information sufficient to form a belief as to what Plaintiff believes to be "all times relevant." Upon information and belief, Prudential admits that, at certain times, Plaintiff has been employed by Jefferies Group Inc. Prudential denies the remaining allegations in Complaint Paragraph No. 6.

7. Prudential admits that it issued a group long term disability plan to the Jefferies Group Inc. with a program date of June 1, 2007 (hereinafter "the Plan"). Prudential denies the remaining allegations in Complaint Paragraph No. 7.

8. Prudential admits that Jefferies Group, Inc. sponsored a long-term disability plan, insured by Prudential, for eligible employees. Prudential denies the remaining allegations in Complaint Paragraph No. 8.

9. Defendant admits that at certain times, Plaintiff participated in a long-term disability plan sponsored by her employer, Jefferies Group, Inc., and insured by Defendant. Defendant denies the remaining allegations in Complaint Paragraph No. 9.

10. The allegations in Complaint Paragraph No. 10 purport to characterize the contents of a written document that speaks for itself. To the extent the allegations are inconsistent with or mischaracterize the document, they are denied.

11. Prudential admits that at certain times Plaintiff was a participant in the Plan and met the Plan's definition of disability, and Prudential paid LTD benefits under the Plan from November 15, 2008 through February 28, 2015. Prudential denies the remaining allegations in Complaint Paragraph No. 11.

12. Prudential denies the allegations in Complaint Paragraph No. 12.

13. Prudential admits that at certain times Plaintiff was a participant in the Plan and met the Plan's definition of disability, and Prudential paid LTD benefits under the Plan from November 15, 2008 through February 28, 2015. Prudential denies the remaining allegations in Complaint Paragraph No. 13.

14. Prudential admits that in a letter dated March 23, 2015, Prudential terminated Plaintiff's claim for LTD benefits. Defendant denies the remaining allegations in Complaint Paragraph No. 14.

15. Prudential admits the allegations in Complaint Paragraph No. 15.

16. Prudential admits the allegations in Complaint Paragraph No. 16.

17. The allegations in Complaint Paragraph No. 17 purport to characterize the contents of a written document that speaks for itself. To the extent the allegations are inconsistent with or mischaracterize the document, they are denied.

18. The allegations in Complaint Paragraph No. 18 purport to characterize the contents of a written document that speaks for itself. To the extent the allegations are inconsistent with or mischaracterize the document, they are denied.

19. The allegations in Complaint Paragraph No. 19 purport to characterize the contents of a written document that speaks for itself. To the extent the allegations are inconsistent with or mischaracterize the document, they are denied.

20. Prudential admits that it sent correspondence to Plaintiff, which indicated that it was unable to complete its review of the information in Plaintiff's file; therefore, it required an extension of up to 45 days to make an appeal determination on her LTD claim. Prudential denies the remaining allegations in Complaint Paragraph No. 20.

21. Prudential denies the allegations in Complaint Paragraph No. 21.

22. Prudential denies the allegations in Complaint Paragraph No. 22.

23. The allegations in Complaint Paragraph No. 23 purport to characterize the contents of a written document that speaks for itself. To the extent the allegations are inconsistent with or mischaracterize the document, they are denied.

24. The allegations in Complaint Paragraph No. 24 purport to characterize the contents of a written document that speaks for itself. To the extent the allegations are inconsistent with or mischaracterize the document, they are denied.

25. Prudential admits that as of the filing of the Complaint, Plaintiff had filed her administrative appeal. Prudential denies the remaining allegations in Complaint Paragraph No. 25.

26. Prudential admits that Plaintiff exhausted administrative remedies related to her claim for LTD benefits, claim #1125010. Prudential denies the remaining allegations in Complaint Paragraph No. 26.

## COUNT ONE
## (Breach of Contract 29 U.S.C. § 1132 (A)(1)(B))

27. Prudential denies the allegations in Complaint Paragraph No. 27.

28. Prudential denies the allegations in Complaint Paragraph No. 28.

29. Prudential denies the allegations in Complaint Paragraph No. 29.

30. Prudential denies the allegations in Complaint Paragraph No. 30.

31. Prudential denies the allegations in Complaint Paragraph No. 31.

## DEMAND FOR JURY TRIAL:

Plaintiff demands a trial by jury on all issues so triable.

## RESPONSE TO DEMAND FOR JURY TRIAL:

Plaintiff is not entitled to a jury trial, and the Court should strike Plaintiff's jury demand because the Complaint alleges violations of ERISA, and ERISA does not provide for a jury trial right and there is no constitutional right to a jury trial under ERISA, as its analogous antecedents were equitable in nature.

### PLAINTIFF'S WHEREFORE CLAUSE:

**WHEREFORE**, Plaintiff requests declaratory and monetary judgment against the Defendant pursuant to ERISA § 502(a)(1)(B) as follows:

(a) Plaintiff is disabled pursuant to the language and within the meaning of the subject Policy of insurance issued by Defendant;

(b) Defendant must pay all benefits in arrears due and owing since the termination of benefits, plus interest; and

(c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as she remains totally disabled, subject to the terms of and the applicable benefit period contained in the Policy.

(d) Plaintiff is entitled to award of attorney's fees and costs and disbursements; and

(e) Such other relief as the Court deems just and equitable.

### RESPONSE TO PLAINTIFF'S WHEREFORE CLAUSE:

The above allegations contain Plaintiff's demand for judgment and prayer for relief, to which no response is required. To the extent a response is required, Prudential denies the above allegations and expressly denies that Plaintiff is entitled to judgment or any relief whatsoever.

### AFFIRMATIVE AND ADDITIONAL DEFENSES

Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following affirmative and additional defenses:

(1) The decision to reject Plaintiff's claim for benefits should be reviewed under the abuse of discretion/arbitrary and capricious standard.

(2) The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim under the Plan

(3) Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

(4) Any benefits due under the Plan are subject to offset, integration, or other deduction or adjustments in accordance with the Plan's terms.

(5) There is no vesting of benefits under the Plan, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

(6) Plaintiff seeks benefits that are not provided under the Plan.

(7) Plaintiff is not entitled to a jury trial in this matter seeking benefits under an employee welfare benefit plan governed by ERISA.

WHEREFORE, Defendant respectfully requests that the Court deny the relief sought by Plaintiff, dismiss the action with prejudice and/or enter judgment on Defendant's behalf, and award Defendant any such other relief as the Court deems just and proper.

**Dated March 8 , 2016**                                   Respectfully submitted,

By: /s/ Tara M. Ellis
    Tara M. Ellis
    Seyfarth Shaw LLP
    620 Eighth Avenue, 32nd Floor
    New York, NY 10018
    tellis@seyfarth.com
    Telephone: (212) 218-5510

*Attorneys for Defendant The Prudential Insurance Company of America*

## **CERTIFICATE OF SERVICE**

  I, Tara M. Ellis, an attorney admitted to practice in the U.S. District Court for the Southern District of New York, do hereby certify that on this 8th day of March, 2016, I caused the electronic submission of the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO COMPLAINT AND DEMAND FOR JURY TRIAL, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant::

    Michail Z. Hack
    Schwartz Law PC
    666 Old Country Road - Ninth Floor
    Garden City, New York 11530


          __/s/ Tara M. Ellis_____
          Tara M. Ellis