UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------
KATHERINE SALISBURY,

          Plaintiff,

  -against-

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

          Defendant.

-----------------------------------------x

Case No. 1:15cv9799

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE JURY TRIAL DEMAND**

Defendant, The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), respectfully submits this Memorandum of Law in Support of Its Motion to Strike Plaintiff's Jury Trial Demand.

## INTRODUCTION

Plaintiff's Complaint alleges violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and demands a jury trial. Plaintiff's claims, however, relate only to benefits allegedly due under an ERISA plan. Given that Plaintiff only pursues claims under ERISA, the Court should strike Plaintiff's jury demand pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. ERISA does not explicitly provide for a jury trial right and there is no constitutional right to a jury trial under ERISA, as its analogous antecedents were equitable in nature. Therefore, the Court should strike Plaintiff's jury demand.

25172270v.2

## ARGUMENT

"[T]here is no right to a jury trial under ERISA…" *Fraser v. Fiduciary Trust Co. International*, 417 F.Supp.2d 310, 325 (S.D.N.Y. Feb. 15, 2006) (quoting *Muller v. First Unum Life Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003) (citing *Sullivan v. LTV Aerospace and Def. Co.*, 82 F.3d 1251, 1257-59 (2d Cir. 1996)). As explained below, given that Plaintiff has no right to a jury trial, the Court should strike this demand.

### I.   ERISA DOES NOT PROVIDE FOR A JURY TRIAL.

The Second Circuit has recognized that "there is no right to a jury trial in a suit brought to recover ERISA benefits.'" *Miller v. International Paper Co.*, No. 12 Civ. 7071, 2013 WL 3833038, at *14 (S.D.N.Y. July 24, 2013) (quoting *Tischmann v. ITT/Sheraton Corp.,* 145 F.3d 561, 568 (2d Cir. 1998) (quoting *Sullivan,* 82 F.3d at 1258). Nothing in Section 502(a)(1)(B),[2] the statutory provisions under which Plaintiff's claims arise, mentions a right to a jury trial. In fact, no other applicable provision of ERISA provides for a jury trial. Indeed, given ERISA's comprehensive nature, if Congress had intended to allow a jury trial right in ERISA, it would have said so. It did not. Accordingly, Plaintiff cannot rely on the ERISA statute to support her request for a jury trial.

Additionally, a right to a jury trial may not be inferred in the language of ERISA. A federal court may look to a statute's historical antecedents to decide if a jury trial right should be inferred. For example, in *Lorillard v. Pons*, 434 U.S. 575 (1978), the Supreme Court looked to historical antecedents in order to determine whether to construe the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.*, as conferring a right to jury trial. There, because the ADEA had been modeled after, and incorporated by reference, the Fair Labor

---

[2] ERISA Section 502(a)(1)(B) authorizes a civil action "by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B).

Standards Act, which had long provided for a jury trial, *id.* at 581, the Court concluded that a right to jury trial existed under the ADEA. *Id*. at 581-583. Of particular relevance here, the Court stated that the language of the statute, which empowered a court to grant "*legal* or equitable relief," buttressed its inference. *Id.* at 583 (emphasis in original). The Court reasoned:

> The word "legal" is a term of art: In cases in which legal relief is available and legal rights are determined, the Seventh Amendment provides a right to jury trial. . . . We can infer, therefore, that by providing specifically for "legal" relief, Congress knew the significance of the term "legal," and intended that there would be a jury trial on demand . . . .

*Id.* at 583 (internal citations omitted).

Applying this methodology to ERISA produces the opposite result. Specifically, the Second Circuit has held that ERISA's civil enforcement scheme under § 502 does not include either an express or implied right to a jury trial. *See DeFelice v. American Int'l Life Ass. Co. of NY*, 112 F.3d 61, 64 (2d Cir. 1997). Indeed, this very court has previously held that an action to recover benefits under ERISA is equitable in nature and therefore not appropriate for trial by jury. *See Searles v. First Fortis Life Ins. Co.*, 98 F.Supp.2d 456, 463-64, n.70 (S.D.N.Y. 2000) (citing *Sullivan*, 82 F.3d at 1258-59 (abrogated on other grounds)).

Indeed, the Second Circuit has affirmed that ERISA's foundations are equitable in nature and therefore, ERISA plaintiffs are not entitled to a jury trial. *Sullivan*, 82 F.3d at 1259. Specifically, in 1996, the Second Circuit, joining its sister courts, conclusively established that there is no right to a jury trial in a suit brought to recover ERISA benefits. *Id*. at 1258. *Sullivan* held that, in an action challenging the denial of benefits under an ERISA plan, the relief sought was equitable in nature and not triable by a jury. *Id*. at 1259. Courts in the Second Circuit have since followed *Sullivan*, holding that "*Sullivan* made clear that cases involving ERISA benefits are inherently equitable in nature, not contractual and that no right to jury trial attaches to such

3

claims. *DeFelice*, 112 F.3d at 64 (citing *Sullivan*, 82 F.3d at 1257-59). *See also Miller*, 2013 WL 3833038 at *14; *Fraser*, 417 F.Supp.2d at 325; *Muller*, 341 F.3d at 124 (all courts holding that there was no right to a jury trial in a suit to recover ERISA benefits)*; Conners v. Conn. Gen. Life Ins. Co.*, No. 98 CIV. 8522, 1999 WL 1211831, at *1 (S.D.N.Y. Dec. 16, 1999) (holding that where a policy is governed by ERISA, then a plaintiff has no right to a trial by jury) (citing *Tischmann,* 145 F.3d at 568, *cert. denied* 119 S.Ct. 406 (1998).

## II. PLAINTIFF HAS NO SEVENTH AMENDMENT RIGHT TO A JURY TRIAL ON HIS ERISA CLAIMS.

Just as the plain language of ERISA does not provide for a jury trial, the Constitution likewise does not support Plaintiff's request for a jury trial. The Seventh Amendment guarantees a right to a jury trial only for "suits at common law." U.S. Const. Amend. VII. Only those suits "'in which legal rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered[,]constitute "suits at common law.'" *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989) (citations omitted). No Seventh Amendment right to a jury trial exists in ERISA actions because common law claims analogous to ERISA claims were equitable in nature. Therefore, the Constitution offers no support for Plaintiff's request for a jury trial.

To determine whether a particular action involves legal versus equitable rights, the courts examine both the nature of the issues involved and the remedy sought. *Chauffeurs, Teamsters, & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990). Specifically, courts (i) compare the legal issues raised in the action to their 18th century counterparts brought in the courts of England before the merger of the courts of law and equity, and (ii) examine the nature of the remedy sought, with the latter bearing the most weight. *See Terry*, 494 U.S. at 565; *see also Granfinanciera,* 492 U.S. at 42; *Tull v. United States*, 481 U.S. 412, 417-18 (1987).

4

As stated above, the Second Circuit, and courts in the Second Circuit, have held that claims for ERISA benefits are equitable in nature. *See DeFelice*, 112 F.3d at 64 (citing *Sullivan*, 82 F.3d at 1257-59). Therefore, there is no legal support or applicable precedent supporting Plaintiff's claim for a right to a jury trial, and the Court should strike the demand.

## CONCLUSION

For the reasons discussed above, the Court should strike Plaintiff's demand for a jury trial.

Date:  March 8, 2016

Respectfully submitted,

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

By: */s/ Tara M. Ellis*

Tara M. Ellis
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
tellis@seyfarth.com
Telephone: (212) 218-5510

*Attorneys for Defendant The Prudential
Insurance Company of America*

## **CERTIFICATE OF SERVICE**

    I, Tara M. Ellis, an attorney admitted to practice in the U.S. District Court for the Southern District of New York, do hereby certify that on this 8th day of March, 2016, I caused the electronic submission of the foregoing Memorandum of Law in Support of Its Motion to Strike Plaintiff's Jury Trial Demand, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

        Michail Z. Hack
        Schwartz Law PC
        666 Old Country Road - Ninth Floor
        Garden City, New York 11530

                /s/ Tara M. Ellis
                    Tara M. Ellis

25172270v.2