UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
KATHERINE SALISBURY,                             :
                        Plaintiff,         :   Case No. 1:15cv9799
                                   :
                                   :   **DEFENDANT'S MEMORANDUM OF**
      -against-         :   **LAW IN SUPPORT OF ITS MOTION TO**
                                   :   **SET THE STANDARD OF REVIEW AS**
THE PRUDENTIAL INSURANCE           :   **ARBITRARY AND CAPRICIOUS**
COMPANY OF AMERICA,                      :
                                   :
                       Defendant.          :
                                   :
                                   X
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant"), by and through its undersigned counsel, and pursuant to the Court's July 28, 2016 Order (ECF No. 32), respectfully submits this memorandum in support of its motion to set the standard of review in this matter as arbitrary and capricious.

## INTRODUCTION

It is well-settled in the Second Circuit that where an employee benefit plan governed by ERISA enumerates discretion for the claims administrator to interpret the plan terms or determine benefits eligibility, a claim for denial of benefits must be reviewed by the court under the arbitrary and capricious standard and based on the administrative record.

The Jefferies Group LLC Group Benefit Plan ("Plan") under which Plaintiff brings her claim for long term disability (LTD) benefits unequivocally delegated full discretion and authority to decide LTD claims to claims administrator Prudential. Specifically, the Plan provides that the employer has "allocated to the insurer(s) and service providers responsibility for administering the Plan's claims procedures and for exercising other fiduciary functions

described in the group insurance contract(s) administrative service agreements, and group service agreements." (Plan, Exhibit A at PRU-077212-001078-004688). The Plan identifies Prudential as the designated claims administrator for LTD benefits and specifically incorporates Prudential's "contracts, group service agreements, booklets, descriptions, and documents." (*Id.* at PRU-077212-001078-004684, 004688). Further, the Plan provides that "***Benefits under this Plan will be paid only if the Plan Administrator (or its designee) decides in his discretion that the applicant is entitled to them***." (*Id.* at PRU-077212-001078-004689) (emphasis added). Finally, the LTD Summary Plan Description (SPD) provides that:

> The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

(Exhibit B, PRU-077212-001078-000039).

Therefore, under Second Circuit precedent, Prudential's denial of Plaintiff's claim for LTD benefits should be reviewed by the Court under the arbitrary and capricious standard and based only on the Administrative Record.

## ARGUMENT

**I.    This Court Should Review Plaintiff's Claim for Benefits Under an Arbitrary and Capricious Standard.**

Plaintiff brings a claim for LTD benefits under the Plan pursuant to ERISA Section 1132(a)(1)(B), § 502(a)(1)(B). Where, as here, the language of an employee benefit plan gives plan fiduciaries discretionary authority to interpret the plan or determine eligibility for benefits, a denial of benefits challenge under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), is reviewed under the arbitrary and capricious standard. *See Firestone Tire and Rubber Co.* v. *Bruch,* 109 S.Ct. 948, 956-957 (1989); *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 130 (2d Cir. 2008).

2

28329177v.1

In this case, the applicable Plan documents contain a clear grant of discretion to Prudential, the claims administrator. The Plan provides, in relevant part:

> The Employer as named fiduciary has allocated to the insurer(s) and service providers responsibility for administering the Plan's claims procedures and for exercising other fiduciary functions described in the group insurance contract(s) administrative service agreements, and group service agreements.
>
> Benefits under this Plan will be paid only if the Plan Administrator (or its designee) decides in his discretion that the applicant is entitled to them.

(Exhibit A, PRU-077212-001078-004688, 4689). Additionally, the Plan designates Prudential as the claims administrator for the Plan's LTD benefits, and incorporates its documents. (*Id.* at PRU-077212-001078-004684, 004688). In turn, the SPD provides:

> The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious.

(Exhibit B, PRU-077212-001078-000039).

Plan language that includes references to "discretion" and indicates, as here, that "[b]enefits . . . will be paid only if the Plan Administrator (or its designee) decides in his discretion that the applicant is entitled to them," has been found to adequately confer discretion such that the deferential arbitrary and capricious and not de novo standard of review applies. *See, e.g., Garcia Ramos v. 1199 Healthcare Employees Pension Fund,* No. 03CIV.4527(RMB)(HBP), 2004 WL 1276952, at *5, 6 (S.D.N.Y. June 8, 2004), *aff'd sub nom. Garcia Ramos v. 1199 Health Care Employees Pension Fund*, 413 F.3d 234 (2d Cir. 2005) (holding that plan language that provided in part that "[b]enefits will be paid only if the Plan Administrator decides in its discretion that the applicant is entitled to them under the terms of the Plan and Summary Plan Description . . ." sufficient to confer deferential standard); *Bennett v. Aetna Life Ins. Co.*, 392 F. Supp. 2d 392, 398 (D. Conn. Sept. 29, 2005) (arbitrary and capricious

3

standard applied where plan language provided in part that "[b]enefits under the Plan will be paid only if the Plan Administrator and/or Claims Administrator decide in its discretion that the claimant is entitled to them"); *McCarthy-O'Keefe v. Local 298/851 IBT Employer Grp. Pension Trust Fund*, No. 13-CV-4785 JMF, 2015 WL 783352, at *4 (S.D.N.Y. Feb. 24, 2015) (arbitrary and capricious standard applied where plan language stated in part that "benefits under the Plan will be paid only if the Board decides in its discretion that the applicant is entitled to them").

Similarly, courts have found the same language as found in the SPD here sufficient by itself to confer the deferential standard. In *Pretty v. The Prudential Insurance Company of America*, No. 3:08-cv-60-VLB, 696 F.Supp.2d 170 (D. Conn. Mar. 5, 2010), the district court held:

> In this case, the Plan provides that Prudential, as the Claims Administrator, has 'sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits,' [and] the decision of the Claims Administrator shall not be overturned unless arbitrary and capricious'… [t]his language clearly grant[ed] Prudential the discretionary authority to determine whether a beneficiary is eligible for disability benefits. Accordingly, a deferential standard of review is appropriate.

*Id*. at 180-81 (internal citations omitted) (citing *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2348 (2008)); *see also Benoit v. The Prudential Insurance Company of America*, No. 07-cv-6407-MAT, 2008 WL 2917492, *7 (W.D.N.Y. July 24, 2008) (holding that the same discretionary language in the SPD as here granted Prudential with discretionary authority, such that the arbitrary and capricious standard of review applied).

In turn, because Prudential had discretion to decide Plaintiff's claim, judicial review of Prudential's determination is limited to the facts before Prudential at the time it made the decision to terminate Plaintiff's LTD benefits. Accordingly, Plaintiff's requests for extensive merits discovery should be rejected. *See, e.g., Miller v. United Welfare Fund*, 72 F.3d 1066,

1071 (2d Cir. 1995) (following the majority of circuits "in concluding that a district court's review under the arbitrary and capricious standard is limited to the administrative record"); *James v. Unum Life Ins. Co. of Am.*, No. 10-cv-9120-GBD, 2012 WL 4471541, at *5 (S.D.N.Y. Sept. 27, 2012), *aff'd*, 531 F. App'x 126 (2d Cir. 2013) ("Under the deferential standard, courts may only consider the evidence that the fiduciaries considered themselves, and are limited to the administrative record."); *see also Pretty*, 696 F.Supp.2d at 182 (holding that in order to obtain discovery outside the administrative record, the plaintiff first must show a reasonable chance that there is good cause beyond a structural conflict of interest to consider additional evidence outside of the administrative record).

## II.  Prudential's Request for Extension of Time to Decide Plaintiff's Appeal Complied With ERISA and Does Not Affect the Standard of Review.

Finally, to the extent Plaintiff argues that Prudential's extension of time to decide Plaintiff's appeal was improper and changes the standard of review to de novo, Plaintiff is simply incorrect.  In *Wedge v. Shawmut Design & Const. Group LTD plan*, No. 12-cv-5645-KPF, 2013 WL 4860157, at *5 (S.D.N.Y. Sept. 10, 2013), Judge Polk Failla had occasion to examine whether a similar request for extension by the claims administrator altered the standard of review from arbitrary and capricious to de novo, and concluded it did not.  The court summarized the regulatory requirements as follows:

> ERISA requires that an appeal determination be made within 45 days from the time an appeal is filed; if the claim administrator determines that additional time is required, one extension of 45 days may be permitted when written notice of the extension is provided to the claimant prior to the termination of the initial 45-day period that indicates the special circumstances requiring the extension and the date on which a decision is expected. 29 CFR S 2560.503-1(i)(3) (2013) (read in conjunction with S 2560.503-1(i)(1)). Any extension, however, may not exceed a period of 45 days from the end of the initial period, i.e., 90 days from the time the appeal is filed.

*Id*.  Reasoning that "the record in its totality demonstrates that [the claims administrator] fairly attempted to resolve Plaintiff's claims, maintained a dialogue with Plaintiff, and issued a decision shortly after this litigation was filed and well before the Court needed to consider the standard of review," the court concluded that the standard of review should remain arbitrary and capricious.  *Wedge*, 2013 WL 4860157, at *5.

Here, first and foremost, there is no basis to assert any procedural violation that would warrant altering the standard of review:  Prudential completely complied with the ERISA regulations for an extension of time to decide Plaintiff's appeal.  Plaintiff appealed Prudential's termination of LTD benefits on October 15, 2015 (*See* Exhibit C), making Plaintiff's appeal decision due within 45 days, or by November 29, 2015.  Before this time had run, on November 24, 2015, Prudential notified Plaintiff that it needed additional time to complete its review of the claims decision on appeal.  (*See* Exhibit D).

Prudential's November 24, 2015 letter complied with all regulatory requirements for such notices, including explaining the reason for the request, that it "require[d] an extension of up to 45 days to make an appeal determination on her LTD claim" to "allow for review of the information in Ms. Salisbury's file which remains under physician and vocational review." (Exhibit D).  The letter then provided, as required, the anticipated date by which the appeal decision would be issued, of January 13, 2016.  (*Id.*).  Finally, Prudential did, in fact, issue its appeal decision on January 13, 2016, which is 45 days from the end of the initial review period, and within the allowed 90 days from the time the appeal was filed.  (*See* Exhibits D, E).  Therefore, Prudential complied with  29 CFR 2560.503-1, and there is no basis to conclude that the notice requires adjustment to the governing arbitrary and capricious standard of review.

28329177v.1

Even if some aspect of Prudential's notice was somehow technically noncompliant (for which there is no basis), as in *Wedge*, Prudential at the least "fairly attempted to resolve Plaintiff's claims, maintained a dialogue with Plaintiff, and issued a decision … well before the Court needed to consider the standard of review." *See Wedge*, 2013 WL 4860157, at *5; Exhibits D, E.   In sum, under the ERISA regulations and *Wedge*, the standard of review remains the deferential arbitrary and capricious standard.

## CONCLUSION

The Court should grant Prudential's motion to apply the arbitrary and capricious standard of judicial review.

Date:  August 5, 2016                            Respectfully submitted,

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

By: */s/ Ada W. Dolph*

Tara M. Ellis
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
tellis@seyfarth.com
Telephone: (212) 218-5510

Ada W. Dolph
Seyfarth Shaw LLP
131 S. Dearborn, Suite 2400
Chicago, IL 60603
Adolph@seyfarth.com
Telephone: (312) 460-5000

*Attorneys for Defendant The Prudential Insurance Company of America*

28329177v.1

## **CERTIFICATE OF SERVICE**

I, Ada W. Dolph, an attorney admitted to practice in the U.S. District Court for the Southern District of New York, do hereby certify that on this 5th day of August, 2016, I caused the electronic submission of the foregoing DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SET THE STANDARD OF REVIEW AS ARBITRARY AND CAPRICIOUS, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Michail Z. Hack
>Maria Campese
>Schwartz Law PC
>666 Old Country Road - Ninth Floor
>Garden City, New York 11530

>/s/ Ada W. Dolph
>Ada W. Dolph