UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KATHERINE SALISBURY,

        Plaintiff,

  -against-

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Defendant.

Case No. 1:15cv9799

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SET THE STANDARD OF REVIEW AS ARBITRARY AND CAPRICIOUS**

---

Defendant The Prudential Insurance Company of America submits this reply in support of its motion to set the standard of review in this matter as arbitrary and capricious.

## ARGUMENT

**This Court Should Review Plaintiff's Claim for Benefits Under an Arbitrary and Capricious Standard.**

**A.    Prudential's Request For An Additional 45 Days To Decide Plaintiff's Claim Was Wholly Compliant With ERISA.**

Plaintiff opines that "the basis for Prudential's November 24, 2015 request for an extension is not a 'special' but a very 'ordinary' circumstance and the delay was certainly not beyond Defendant's control." (*See* ECF No. 35, p. 4). As Prudential indicated in its extension letter, the reason for the extension was that Prudential required time to "review the information in Ms. Salisbury's file which remain[ed] under physician and vocational review." (ECF No. 34 Ex. D.) The administrative record, of which Plaintiff has a complete copy, includes 4,623 pages of medical records and several days of surveillance. To complete its review and prepare a thorough, reasoned decision -- particularly given the volume of records (a factor beyond Prudential's control) -- Prudential needed additional time to complete the physician and

vocational review and requested a 45-day extension of time within which to do so.[1] Prudential should not be penalized for utilizing a procedure provided for under the regulation when circumstances outside Prudential's control, such as those presented here involving a voluminous record, require additional time to conduct a thorough review of the claim.  *See, e.g., Wedge v. Shawmut Design & Const. Group LTD plan*, No. 12-cv-5645-KPF, 2013 WL 4860157, at *5 (S.D.N.Y. Sept. 10, 2013) (holding deferential standard applied because the claims administrator "fairly attempted to resolve Plaintiff's claims, maintained a dialogue with Plaintiff, and issued a decision shortly after this litigation was filed and well before the Court needed to consider the standard of review").

Even if the Court does not find this reason sufficient, Prudential at least substantially complied with the regulation because Prudential obtained the extension in good faith and then issued the appeal decision within the time period provided by regulation.  While Plaintiff asserts that *Nichols v. Prudential Ins. Co. of America*, 406 F.3d 98, 101 (2d Cir. 2005) rejected application of the "substantial compliance" doctrine, Plaintiff overstates its holding, which has been called into question because the regulation has since been amended to exclude the "deemed denied" language upon which the *Nichols* court relied.  *See Rao v. Life Ins. Co. of N. Am.,* 100 F. Supp. 3d 210, 223 (N.D.N.Y. 2015); *see also Duncan v. CIGNA Life Ins. Co. of New York*, 507 Fed.Appx. 61, 62 (2d Cir. 2013) ("As we stated in *Nichols[]*, our Court has not yet definitively adopted or rejected the substantial compliance doctrine.").  In any event, many courts have found that the substantial compliance doctrine should be applied in circumstances similar to (if not

---

[1] The cases cited by Plaintiff for the proposition that a de novo standard of review should apply because of Prudential's allegedly untimely decision are distinguishable. *See, e.g., Demirovic v. Building Service 32 B-J Pension Fund*, 467 F.3d 208, 211 (2d Cir. 2006) (plan administrator failed to issue a timely initial decision); *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 223 (2d. Cir. 2006) (analyzing whether a plan participant was required to exhaust administrative remedies when the administrator only adopted the remedies after plaintiff had filed suit); *Burke v. PriceWaterHouseCoopers LLP Long Term Disability Plan*, 537 F. Supp. 2d 546, 550–51 (S.D.N.Y. 2008) (analyzing whether a plaintiff's claim for ERISA benefits was time barred under the statute of limitations).

more severe) those presented here. *See Kohut v. Hartford Life & Acc. Ins. Co.*, 710 F. Supp. 2d 1139, 1146–47 (D. Colo. 2008) (administrator substantially complied with ERISA where the appeal decision was "at most" 74 days late and finding deferential review applied because the plaintiff's claim for benefits was not "'deemed denied' by operation of law" but was "actually denied through exercise of Defendant['s] [] discretion"); *see also D & H Therapy Associates, LLC v. Boston Mut. Life Ins. Co.*, 650 F. Supp. 2d 143, 151 (D.R.I. 2009) ("[M]inimal violations of the deadlines 'in the context of an ongoing, good faith exchange of information between the administrator and the claimant' do not entitle claimants to de novo review."); *Morgenthaler v. First Unum Life Ins. Co.*, No. 03 Civ. 5941, 2006 WL 2463656, at *3 (S.D.N.Y. Aug. 22, 2006) ("Where the response is merely procedurally tardy, the denial is still owed deference."); *Spears v. Liberty Life Assur. Co. of Boston*, 2015 WL 1505844, at *19 (D.Conn. Mar. 31, 2015).

### B. The Plan Documents Contain an Unambiguous Grant of Discretion to Prudential.

Likely because the employer-crafted plan contains clear language delegating full authority and discretion to Prudential to decide Plaintiff's LTD claim, and incorporates by explicit reference the Summary Plan Description (SPD) which, too, contains discretionary language, Plaintiff mischaracterizes Defendant's argument as dependent solely on the SPD. This is a strawman which the Court should disregard.

The starting point (as reiterated in *Cigna v. Amara*, 131 S. Ct. 1866, 1877-78 (2011)),[2] is the employer's plan document, the Jefferies Group LLC Group Benefit Plan. This Plan:

    1.    Delegates authority to Prudential to decide Plaintiff's LTD claim, stating that the

---

[2] In yet another apparent attempt to distract the Court from the Plan's clear language, Plaintiff also asserts that Prudential's brief had a "shocking failure to directly cite *Amara*" and asserts that "Prudential seeks to avoid the purview of *Amara* by arguing that the limitations of *Amara* do not apply unless there is a conflict between the Plan and the SPD." (ECF No. 35, p. 9.) Yet Prudential never argued that there was a conflict. (*See* ECF No. 34.) Indeed, Prudential's position was completely consistent with *Amara* in referring to the terms of the Plan document and incorporated SPD. Moreover, *Amara* did not address the issue here, regarding the applicable standard of review and discretionary language.

          Jefferies Group "has allocated to the insurer(s) and service providers responsibility for administering the Plan's claims procedures and for exercising other fiduciary functions described in the group insurance contract(s) administrative service agreements, and group service agreements." (ECF No. 34, Exhibit A, PRU-077212-001078-004688);

2.     Delegates discretion to Prudential to decide the claim, using the key *Firestone* language, providing that "[b]enefits under this Plan will be paid ***only if the Plan Administrator (or its designee) decides in his discretion that the applicant is entitled to them***." (ECF No. 34, Exhibit A, PRU 077212-001078-004688, 4689);

3.     Specifically identifies Prudential as the designated claims administrator for LTD benefits (PRU-077212-001078-004684, 004688);

4.     Expressly incorporates Prudential's SPD into the Plan, by providing: "Jefferies LLC Group Benefit Plan incorporates the following contracts, group service agreements, booklets, descriptions and documents to describe the provisions of the Plan in greater detail.  All obligations of the Employer described in the text of this document extend by reference to the documents listed below," and then listing Prudential as the claims administrator for the LTD benefit. (*Id.* at PRU-077212-001078-004684, 004688).  Thus, *also* incorporated into the Plan is the SPD's discretionary language that "The Prudential Insurance Company of America as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious."  *See Palmiotti v. Metro. Life Ins. Co.*, 423 F. Supp. 2d 288, 298 (S.D.N.Y. 2006) (holding that the insurance company's "LTD Booklet (consisting of the Certificate of Insurance and supplementary provisions, including the discretionary authority paragraph) was incorporated as an Exhibit to the Master Policy in a manner consistent with the Certificate of Insurance and Amendment provisions of the Policy" and formed part of the plan document which governed the benefit).[3]

Delegations of authority like the ones found in the Plan here have been upheld by other courts as effective delegations of fiduciary authority to the claims administrator. *See, e.g., Thomas v. Cigna Grp. Ins.*, No. 09CV5029SLTRML, 2013 WL 12084484, at *14 (E.D.N.Y. Jan.

---

[3] *Tetreault v. Reliance Std. Life Ins. Co.*, 769 F.3d 49 (1st Cir. 2014), also cited by Plaintiff, instead supports Prudential's position.  In *Tetreault*, the written ERISA plan "incorporate[d] by reference…the terms of the [LTD] Program as set forth" in the SPD. *Id.* at 54.  The court thus held that the procedures contained within the SPD were expressly incorporated into the written ERISA plan.  Here, the language in the Plan contains nearly identical language as in *Tetreault*: "incorporates the following contracts, group service agreements, booklets, descriptions and documents to describe the provisions of the Plan in greater detail." (ECF No. 34, Ex. A, PRU-077212-001078-004684, 004688).  That the SPD says it is not part of the Group Insurance Certificate does not defeat its incorporation into the Plan because the Plan also includes a provision that "[a]ll obligations of the Employer…extend by reference to the [listed] documents." *Id.*

10, 2013) (reviewing similar delegation language, and concluding that plan sponsor appropriately delegated its fiduciary authority to insurance company claims administrator).

As for the discretionary language contained in the Plan and delegated to Prudential, it is clear that *by itself*,[4] it is sufficient to set the standard of review as arbitrary and capricious. The Plan language provides that "[b]enefits . . . will be paid only if the Plan Administrator (or its designee) decides in his discretion that the applicant is entitled to them." This type of language has been found to adequately confer discretion such that the deferential arbitrary and capricious and not de novo standard of review applies. *See, e.g., Garcia Ramos v. 1199 Healthcare Employees Pension Fund,* No. 03CIV.4527(RMB)(HBP), 2004 WL 1276952, at *5, 6 (S.D.N.Y. June 8, 2004), *aff'd sub nom. Garcia Ramos v. 1199 Health Care Employees Pension Fund*, 413 F.3d 234 (2d Cir. 2005); *Bennett v. Aetna Life Ins. Co.*, 392 F. Supp. 2d 392, 398 (D. Conn. Sept. 29, 2005); *McCarthy-O'Keefe v. Local 298/851 IBT Employer Grp. Pension Trust Fund*, No. 13-CV-4785 JMF, 2015 WL 783352, at *4 (S.D.N.Y. Feb. 24, 2015).

Each of the cases Plaintiff cites in support of her claim to de novo review are distinguishable because in each, unlike here there was no employer plan document that conferred discretion on Prudential. *See, e.g., Bochniarz v. Prudential*, Case No. 1:11-cv-0867-EAW, 2015 WL 8516432, at *2 (W.D.N.Y. Dec. 11, 2015) (examining only a Prudential-drafted group insurance certificate, group contract, and SPD, but no plan document by which the employer granted discretion to Prudential; *Wenger v. Prudential Ins. Co. of Am.*, 2013 WL 5441760 (S.D.N.Y. 2013) (same); *Durham v. Prudential Ins. Co. of Am.*, 890 F.Supp.2d 390, 396 (S.D.N.Y. 2012) (same).

The Court should set the standard of review as arbitrary and capricious.

---

[4] As noted in Prudential's opening brief, the language of the SPD which is properly incorporated into the Plan, and forms part of the Plan, contains additional discretionary language which also confers discretion on Prudential.

5

Date: August 17, 2016						Respectfully submitted,

						THE PRUDENTIAL INSURANCE COMPANY
						OF AMERICA

						By: *s/Ada W. Dolph*

Tara M. Ellis
Seyfarth Shaw LLP
620 Eighth Avenue, 32nd Floor
New York, NY 10018
tellis@seyfarth.com
Telephone: (212) 218-5510

Ada W. Dolph
Seyfarth Shaw LLP
131 S. Dearborn, Suite 2400
Chicago, IL 60603
Adolph@seyfarth.com
Telephone: (312) 460-5000

*Attorneys for Defendant The Prudential Insurance Company of America*

## **CERTIFICATE OF SERVICE**

I, Ada W. Dolph, an attorney do hereby certify that on this 17th day of August, 2016, I caused the electronic submission of the foregoing DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO SET THE STANDARD OF REVIEW AS ARBITRARY AND CAPRICIOUS, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

>Michail Z. Hack
>Maria Campese
>Schwartz Law PC
>666 Old Country Road - Ninth Floor
>Garden City, New York 11530

>s/Ada W. Dolph
>Ada W. Dolph