UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 2 8 2017

Katherine Salisbury,

    Plaintiff,

—v—

Prudential Insurance Company of America,

    Defendant.

15-cv-9799 (AJN)

MEMORANDUM & ORDER

ALISON J. NATHAN, District Judge:

  Plaintiff Katherine Salisbury brings this action under the Employee Retirement Income Security Act ("ERISA") seeking long-term disability benefits under a plan administered by the Prudential Insurance Company of America ("Prudential"). The parties dispute the standard of review that applies in this case and the scope of permissible discovery. Before the Court is Defendant Prudential's "motion to set the standard of review as arbitrary and capricious." Dkt No. 33. For the reasons provided below, the Court concludes that *de novo* review shall apply. Additionally, the Court denies Salisbury's request for plenary discovery.

**I. Background**

  Salisbury was employed by Jefferies Group, Inc. Compl. ¶ 6 (Dkt No. 4); Mot. at 1 (Dkt No. 34). Jefferies Group, Inc. issued a "Group Benefit Plan" under ERISA. Ex. A. at 5 (Dkt No. 34-1). The Plan named Prudential as the claims administrator for disability benefits. Ex. A at 2; Ex. B at 5, 28 (Dkt No. 34-2).

  Salisbury brought a claim for long-term disability benefits under this plan. On March 23, 2015, Prudential denied Salisbury's claim for long-term disability benefits. Ex. C (Dkt No. 34-3). On October 15, 2015, Salisbury filed an appeal of this decision with Prudential. *Id.*

1

According to the relevant Department of Labor regulations, Prudential then had 45 days to render a decision. 29 C.F.R. §§ 2560.503–1(i)(1), 2560.503–1(i)(3). Before the end of this 45 day period, Prudential provided written notice to Salisbury stating that Prudential was extending the time to make an appellate determination. Ex. D (Dkt No. 34-4); Hack Decl. Ex. E (Dkt No. 36-5). The sole justification for the extension was that additional time was "required to allow for review of the information in Ms. Salisbury's file which remains under physician and vocational review." Ex. D; Hack Decl. Ex. E. On December 16, 2015, Salisbury filed the current lawsuit in this Court challenging Prudential's denial of her long-term disability benefits claim. Dkt No. 1. On January 13, 2016, Prudential issued its appellate decision affirming the denial of Salisbury's claim. Ex. E (Dkt No. 34-5).

During the litigation of this case, the parties expressed differing views regarding the appropriate standard of review and the proper scope of discovery. The Court now resolves these issues.

## II.     Discussion

Prudential's motion asks the Court to both (1) set the standard of review as "arbitrary and capricious" and (2) reject Salisbury's request for extensive discovery. As explained below, because Prudential violated a Labor Department regulation governing the processing of employee claims under ERISA, the Court concludes that the standard of review is *de novo*. Additionally, the Court concludes that Salisbury's request for plenary discovery is improper, but notes that Salisbury may file a motion requesting specific pieces of discovery.

### A.     The Standard of Review in ERISA Denial of Benefits Cases

The main question before the Court is what standard of review should apply to Prudential's denial of Salisbury's claim for long-term disability benefits. "[A] denial of benefits

challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). If the plan expressly vests discretion in the administrator, then the deferential "arbitrary and capricious" standard applies. *Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 249 (2d Cir. 1999). "The plan administrator bears the burden of proving that the arbitrary and capricious standard of review applies." *Id.*

Prudential contends that the arbitrary and capricious standard applies in this case because the Plan under which Salisbury brings her claim expressly vests discretion in the plan administrator. Mot. at 2. Salisbury responds with two reasons why *de novo* review should apply instead. First, Salisbury argues that the plan does not contain language vesting discretion in the plan administrator. Opp. at 4-10 (Dkt No. 35). Second, Salisbury argues that Prudential failed to comply with the Department of Labor's regulation governing the processing of her claim. Opp. at 1-3. For the reasons provided below, the Court agrees with Salisbury on the second ground and thus sets the standard of review as *de novo*.

### B. The Plan Expressly Vests Discretion in the Plan Administrator

The arbitrary and capricious standard of review, as opposed to the *de novo* standard, applies when a "plan vests the administrator with 'discretionary authority to determine eligibility for benefits or to construe the terms of the plan.'" *Frommert v. Conkright*, 738 F.3d 522, 527 (2d Cir. 2013) (quoting *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 108 (2d Cir. 2005)). Salisbury spends a significant amount of her brief arguing that *de novo* review applies because the Summary Plan Description ("SPD"), and not the plan itself, is the only document containing language vesting discretion in the plan administrator. Opp. at 4-10; *see CIGNA Corp. v. Amara*,

3

563 U.S. 421, 438 (2011) (holding that the summary plan description is not part of the plan and thus cannot create legal rights). Salisbury ignores, however, language within the plan itself that vests discretion in the administrator. Specifically, the plan at issue in this case states that "[b]enefits under this Plan will be paid only if the Plan Administrator (or its designee) decides in his discretion that the applicant is entitled to them." Ex. A. at 7. The Second Circuit has held that this language vests the administrator with discretionary authority, thus triggering application of the arbitrary and capricious standard. *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 204-05 & n.2 (2d Cir. 2015). The Court therefore rejects Salisbury's first argument as to why the standard of review should be *de novo*.

### C. *De Novo* Review Applies Because Prudential Did Not Strictly Comply with the Department of Labor's Claims-Procedure Regulation

The conclusion that the plan at issue in this case expressly vests discretion in the plan administrator does not end the Court's inquiry. Salisbury contends that, even if the plan expressly vests discretion with the administrator, *de novo* review nonetheless applies because Prudential's processing of her claim violated a Department of Labor regulation. Mot. at 1-4.

"Under Sections 503 and 505 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1133, 1135, Congress empowered the Department of Labor to issue rules and regulations governing claims procedures for employee benefit plans." *Halo v. Yale Health Plan*, 819 F.3d 42, 45 (2d Cir. 2016). Pursuant to this authorization, the Department of Labor promulgated a claims-procedure regulation at 29 C.F.R. § 2560.503-1. For purposes of this motion, the Court is concerned only with those aspects of this regulation that apply to the processing of a claimant's appeal of the denial of benefits.

Once an employee's claim has been denied, the employee-claimant must be given at least 180 days to appeal that decision to the plan administrator. 29 C.F.R. §§ 2560.503-1(b),

2560.503–1 (h)(3)(i). An appeal to the plan administrator is required before a lawsuit can be filed in federal court. *See Greifenberger v. Hartford Life Ins. Co.*, 131 F. App'x 756, 758 (2d Cir. 2005) (noting that "the exhaustion of administrative review procedures [is] a jurisdictional prerequisite to any suit to recover ERISA benefits"). Once an appeal is filed, the plan administrator has 45 days to render a decision. 29 C.F.R. § 2560.503–1(i)(3)(i) (when read in conjunction with § 2560.503–1(i)(1)(i)). The plan administrator may request a single 45 day extension, but only if "the plan administrator determines that special circumstances (such as the need to hold a hearing, if the plan's procedures provide for a hearing) require an extension of time for processing the claim." 29 C.F.R. § 2560.503–1(i)(1)(i). Before taking an extension, the plan administrator must provide written notice to the claimant "indicat[ing] the special circumstances requiring an extension of time and the date by which the plan expects to render the determination on review." *Id.*

Salisbury appealed her adverse benefits determination on October 15, 2015. Ex. C. Prudential then had 45 days (until November 29, 2015) to render an appellate decision. Hack Decl. Ex. A; 29 C.F.R. §§ 2560.503–1(i)(1), 2560.503–1(i)(3). On November 24, 2015, Prudential provided written notice to Salisbury stating that it was seeking an extension of time. In the notice, the sole justification for the extension was that Prudential needed additional time "to allow for review of the information in Ms. Salisbury's file which remains under physician and vocational review." Ex. D; Hack Decl. Ex. E. Prudential represented that it would render a decision by January 13, 2016. *Id.* Salisbury filed the instant federal court action on December 16, 2015, before Prudential rendered a decision, on the ground that Prudential's request for an extension was improper. *See* Dkt No. 1, 4. Prudential ultimately did issue a decision denying Salisbury's appeal, on January 13, 2016. Exs. D & E. Salisbury contends that Prudential

5

violated the claims-procedure regulation by failing to provide sufficient "special circumstances" to justify an extension of time to decide her appeal. Opp. at 2-3.

In their briefs, both parties spend a significant amount of time discussing whether the doctrine of "substantial compliance" applies in this case. Mot. at 7; Opp at. 3; Reply at 2-3 (Dkt No. 37). According to Prudential, even if it technically violated the Department of Labor regulation by seeking an extension without providing sufficient justification, *de novo* review should not apply because the company at least "substantially complied" with the claims-procedure regulation, as it "obtained the extension in good faith" and ultimately rendered a decision within the maximum allowable time of 90 days. Reply at 2.

Neither party cites *Halo*, the recent Second Circuit opinion resolving this issue. *Halo v. Yale Health Plan*, 819 F.3d 42, 45 (2d Cir. 2016). In that case, a *pro se* plaintiff challenged the denial of her claims for health benefits under an ERISA plan. *Id.* at 46. She argued that *de novo* review should apply because the Plan's denials of her claims were untimely and failed to contain the explanatory information required by the claims-procedure regulation. *Id.* The district court concluded that the Plan at least "substantially complied" with the claim-procedure regulation and therefore declined to apply *de novo* review. *Id.* at 47. The Second Circuit reversed on the ground that the district court applied the wrong legal standard. *Id.* at 61. The Court concluded that "the substantial compliance doctrine . . . is flatly inconsistent" with the Department of Labor's claim-procedure regulation. *Id.* at 56. Accordingly, the Court held that a plan administrator "must strictly adhere to the regulation to obtain the more deferential arbitrary and capricious standard of review." *Id.* The Court then remanded for the district court to apply this legal standard of strict compliance. *Id.* at 61. In short, *Halo* held that if the plan administrator does not strictly comply with the Department of Labor's regulation governing the processing of

an employee's claim, then *de novo* review applies to the denial of benefits, regardless of whether the plan vests discretion with the administrator.

The question before the Court therefore becomes whether Prudential violated the claims-procedure regulation when it requested an extension of time to decide Salisbury's appeal. This issue in turn requires the Court to construe the term "special circumstances." A plan administrator may seek an extension of time only if "the plan administrator determines that special circumstances . . . require an extension of time for processing the claim" and the administrator provides a notice that describes these "special circumstances." 29 C.F.R. § 2560.503–1(i)(1)(i). Unfortunately, neither party cites any cases providing insight into the meaning of "special circumstances" under 29 C.F.R. § 2560.503–1, and the Court's independent research revealed no applicable precedent. *See* Mot. at 5-7; Opp. at 1-4.[1] The only legal authority the Court could find that sheds any light on the meaning of "special circumstances" is the Department of Labor's preamble, which the Second Circuit has stated "is entitled to substantial deference." *Halo*, 819 F.3d at 53.

According to the Labor Department, "the time periods for decisionmaking are generally maximum periods, not automatic entitlements." *See* ERISA Rules and Regulations for Administration and Enforcement; Claims Procedures, 65 Fed. Reg. 70,246, 70,250, 2000 WL 1723740 (Nov. 21, 2000). The Department explained that "it may be unreasonable" to seek an extension if the "claim presents no difficulty whatsoever." *Id.* Additionally, the Department explained that "an extension may be imposed only for reasons beyond the control of the plan."

---

[1] Prudential cites *Wedge v. Shawmut Design and Constr. Grp. Long Term Disability Ins. Plan*, No. 12 Civ. 5645(KPF), 2013 WL 4860157 (S.D.N.Y. Sept. 10, 2013), to support its argument that it did not violate the claims-procedure regulation. Mot. at 5-6. In *Wedge*, the Court rejected the argument that "any transgression . . . from ERISA's requirements resulted in wholesale forfeiture of a plan administrator's discretion." *Id.* at *10. This case was decided before *Halo*, which held that a plan administrator must "strictly adhere" to the claims-procedure regulation. 819 F.3d at 56.

7

*Id.* The Department further suggested that simply having too much work does not constitute an acceptable justification, writing that "delays caused by cyclical or seasonal fluctuations in claims volume [are not] matters beyond the control of the plan that would justify an extension." *Id.* The Department also concluded that a plan administrator's failure to provide a sufficient "special circumstance" would constitute a violation of the claims-procedure regulation. *Id.* at 70,248 n.8 ("[I]n in some cases, delaying a decision until the end of the applicable maximum period may be unreasonable under the circumstances and thus a violation of the procedural standards.").

These statements in the Labor Department's preamble suggest that Prudential violated the claims-procedure regulation by seeking an extension without "special circumstances." The only rationale for the extension provided in the company's written notice was that Prudential needed additional time "to allow for review of the information in Ms. Salisbury's file which remains under physician and vocational review." Ex. D; Hack Decl. Ex. E. But virtually every appeal of the denial of a disability benefits claim will require "physician and vocational review," and thus this cannot constitute a valid "special circumstance." Additionally, the written notice of extension did not identify any unusual difficulties associated with Salisbury's claim. *See* 65 Fed. Reg. at 70,250 (noting that it would be unreasonable to seek an extension if the claim "present[ed] no difficulty whatsoever"). To find that Prudential's justification for seeking an extension in this case constituted a "special circumstance" would mean that virtually any request for an extension would be permissible, an outcome the Department of Labor has expressly rejected. *See id.* ("[T]he time periods for decisionmaking are generally maximum periods, not automatic entitlements.").

In its reply, Prudential represents that Salisbury's file was "voluminous," containing "4,623 pages of medical records and several days of surveillance." Reply at 1-2. The Court,

however, cannot consider this information when assessing the adequacy of Prudential's request for an extension, as this information was not included in the written notice provided to Salisbury. Ex. D; Hack Decl. Ex. E; *see* 29 C.F.R. § 2560.503–1(i)(1)(i) (requiring a written notice of extension to "indicate the special circumstances" warranting an extension). Additionally, the Court is skeptical that the Labor Department would find this a sufficient reason for an extension. *See* 65 Fed.Reg. at 70,250 (noting that "fluctuations in claims volume" cannot justify a request for an extension).

Having concluded that a violation of the claims-procedure regulation occurred, the Court must next to turn to the question of whether an exception applies. *Halo* laid out a limited exception to the general rule that *de novo* review applies when a plan administrator has failed to comply with the claims-procedure regulation. Specifically, the Court in *Halo* held that a plan administrator could avoid the application of *de novo* review if "the plan has otherwise established procedures in full conformity with the regulation and can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent and harmless." 819 F.3d at 58. The Second Circuit provided examples of what types of violations could be considered inadvertent and harmless, such as when "human error caus[es] . . . a plan to respond in 73 hours when the regulation requires that it do so in 72, or in 16 days when the regulation specifies 15." *Id.* at 57 (internal citations omitted). The Court warned that, in order "[t]o prevent the exception from swallowing the rule," violations of the claims-procedure regulation "should not be tolerated lightly." *Id.* at 57.

The Court concludes that this exception does not apply. In *Halo*, the Court wrote that the Plan bears the burden of proving that the "inadvertent and harmless" exception applies. *Id.* at 58. Because Prudential does not cite *Halo* in either its original motion or reply brief and instead

9

argues that the doctrine of substantial compliance applies (in direct contradiction to *Halo*'s holding), Prudential does not make any arguments as to why this exception should apply and therefore has not met this burden. *See* Mot. at 5-7; Reply at 1-3.[2] Even if the Court were to examine the exception on its merits, it would conclude that it does not apply. While the violation of 29 C.F.R. § 2560.503–1 discussed herein may have been harmless given that Prudential ultimately rendered a decision on Salisbury's appeal within the maximum allowable 90-days, the Court cannot say that Prudential's violation was "inadvertent." Prudential purposefully sought the extension and provided the inadequate grounds for seeking an extension.

The Court recognizes that this conclusion, that Prudential's improper request for an appellate extension triggers application of *de novo* review, may appear harsh, especially given that Prudential ultimately issued a determination on Salisbury's claim within 90 days. However, *Halo* requires "strict" compliance with the claims-procedure regulation. 819 F.3d at 56. And the Department of Labor has expressly recognized that some requests for an extension will violate the claims-procedure regulation. 65 Fed. Reg. at 70,248 n.8 ("[I]n in some cases, delaying a decision until the end of the applicable maximum period may be unreasonable under the circumstances and thus a violation of the procedural standards."). Prudential's request for an extension in this case identified no special circumstances. The Court is therefore bound to conclude that Prudential violated claims-procedure regulation and that this triggers *de novo* review.

### D.   Salisbury's Request for Plenary Discovery Is Denied

At the Court's April 15, 2016 Initial Pretrial Conference, the parties represented that they disputed the scope of allowable discovery. In its motion to set the standard of review, Prudential

---

[2] The Court notes that *Halo* was published months before Prudential filed its motion to set the standard of review as arbitrary and capricious. Dkt Nos. 33, 37.

10

briefly mentions discovery, arguing that the Court should reject Salisbury's request for "extensive merits discovery." Mot. at 4-5. The Court agrees with Prudential's view of the permissible scope of discovery.

Even when the *de novo* standard of review applies, discovery in cases appealing the denial of benefits under an ERISA plan is generally limited to the administrative record. *See Halo*, 819 F.3d at 60 ("[W]hen reviewing claim denials, whether under the arbitrary and capricious or *de novo* standards of review, district courts typically limit their review to the administrative record before the plan at the time it denied the claim."); *Locher v. Unum Life Ins. Co. of Am.*, 389 F.3d 288, 293-94 (2d Cir. 2004); *DeFelice v. Am. Intern'l. Life Assurance Co. of N.Y.*, 112 F.3d 61, 66-67 (2d. Cir. 1997); *see also Tretola v. First Unum Life Ins. Co.*, No. 13 Civ. 231 (PAE), 2014 WL 2815586, at *2 (S.D.N.Y. June 23, 2014). A few exceptions to this general rule exist. For example, "a district court may consider evidence outside the administrative record upon a *de novo* review of issues of plan interpretation." *Locher*, 389 F.3d at 293 (citing *Masella v. Blue Cross & Blue Shield of Conn., Inc.*, 936 F.2d 98, 103-05 (2d Cir. 1991)). A court may also "consider evidence outside the administrative record upon a de novo review of *factual* issues" if there is "good cause" for doing so. *Id.* at 293-94, 299; *see also Halo*, 819 F.3d at 60. When seeking discovery beyond the administrative record, the plaintiff should specifically identify the type of discovery she seeks. *See, e.g., Liyan He v. Cigna Life Ins. Co. of New York*, 304 F.R.D. 186, 187 (S.D.N.Y. 2015) (plaintiff sought three depositions on specifically identified topics); *Burgio v. Prudential Life Ins. Co. of Am.*, 253 F.R.D. 219, 222 (E.D.N.Y. 2008) (plaintiff sought, among other things, to depose "one of the people on the Committee responsible for the final claim decision" and subpoenas for identified doctors).

These authorities make it clear that Salisbury's request for plenary discovery must be rejected. However, because Salisbury's brief focuses on the standard of review issue rather than discovery, she does not make any arguments as to whether an exception to the rule limiting discovery applies or whether there is "good cause" for particular types of discovery to be exchanged. Accordingly, while the Court denies Salisbury's request for plenary discovery, it will allow Salisbury to seek limited discovery if "good cause" exists. The parties are encouraged to work through any disputes as to scope. In the absence of agreement, further assistance of the Court may be sought.

### III. Conclusion

The Court concludes that the Plan at issue expressly vests discretion in the plan administrator to decide disability claims. Nonetheless, the Court concludes that the *de novo* standard applies to the review of the denial of Salisbury's claim because Prudential violated the Department of Labor's claims-procedure regulation by seeking an extension of time without identifying adequate "special circumstances." Finally, because discovery is generally limited to the administrative record even when the standard of review is *de novo*, the Court denies Salisbury's request for plenary discovery.

By March 17, 2017 the parties shall submit a joint proposed schedule for the completion of discovery and for summary judgment motions.

This order resolves Docket Number 33.

SO ORDERED.

Dated: Feb 28, 2017
New York, New York

_____
ALISON J. NATHAN
United States District Judge

12