

Michail Z. Hack, Partner / MZH@SchwartzLawPC.com

March 17, 2017

**Via ECF TRANSMISSION**
Hon. Alison J. Nathan, District Court Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    RE:    **Katherine Salisbury v. The Prudential Insurance Company of America**
            **Civil Action No.: 15-cv-9799(AJN)**

Your Honor:

    The parties submit this joint proposed schedule for the completion of discovery and for summary judgment motions pursuant to this Court's February 28, 2017 Memorandum & Order.

    It is Plaintiff's position that Plaintiff is entitled to discovery. To that end, Plaintiff has indicated she will seek limited discovery in the following areas, in her view to ensure that the claim file produced by Defendant in this litigation is accurate and complete:

1) discovery to ensure that we have all materials related to Dr. Joseph Valenza's January 28, 2015 insurance medical evaluation of Plaintiff and Dr. Valenza's February 23, 2015 addendum based on his review of video surveillance of Plaintiff;

2) discovery to ensure that we have the full, complete and unedited video-surveillance of Plaintiff conducted by a third party vendor in January 2015.

www.SchwartzLawPC.com
666 Old Country Rd, Suite 900, Garden City, New York 11530
Tel: 1.800.745.1755

Hon. Alison J. Nathan
March 17, 2017
Page 2

Plaintiff has also indicated that she intends to proffer a new expert opinion to comment on the vocational assessment that is contained in the administrative record.

It is Prudential's position that Plaintiff is not entitled to discovery in this matter. Specifically, pursuant to the Court's February 28, 2017 Order, in which the Court agreed with Prudential's position regarding the permissible scope of discovery (*see* Dkt. No. 39, p. 11), the Court specifically held that discovery in cases appealing the denial of benefits under an ERISA plan is generally limited to the administrative record. *Id.*, citing *Halo v. Yale Health Plan*, 819 F.3d 42, 60 (2d Cit. 2016). In its Order, the Court made clear that discovery would be permitted only "if good cause exists." (Dkt. No. 39, p. 12). Plaintiff has not shown good cause to seek discovery in this matter, and indeed, it is Prudential's position that no good cause exists as the record is extensive and thoroughly documented Plaintiff's medical condition and the basis upon which she sought LTD benefits. Moreover, Plaintiff has shown no good cause to conduct expert discovery in this matter. Therefore, Prudential's position is that Plaintiff's requests for discovery should be denied.

In the event that the Court allows any discovery, the parties propose that they will complete discovery by May 16, 2015, expert disclosure by June 9, 2017, expert depositions to be completed by July 14, 2017 and dispositive motion practice 45 days thereafter on September 15, 2017.

Additionally, Plaintiff is requesting an informal conference with the Court to discuss the scope of the "administrative record" that is subject to review by this Court. Plaintiff asserts that the materials generated subsequent to Plaintiff's exhaustion of her administrative remedies are not reviewable by this Court.

However, Prudential notes that Plaintiff's position is inconsistent in that she asserts that she does not want to include materials prepared after Plaintiff's exhaustion of administrative remedies but, for example, simultaneously seeks to submit for the Court's review a new, expert opinion in fact prepared "subsequent to Plaintiff's exhaustion of her administrative remedies." It is Prudential's position that the Court's review should be limited to the

Hon. Alison J. Nathan
March 17, 2017
Page 3

administrative record, which Prudential produced to Plaintiff along with its initial disclosures, on April 28, 2016. Should the Court allow discovery to proceed, it should be limited to issues regarding which Plaintiff has demonstrated good cause, and should be made available to Defendant Prudential in the same manner as allowed Plaintiff.

Very truly yours,

SCHWARTZ LAW PC

By: /s/ Michail Z. Hack
Michail Hack

SEYFARTH SHAW, LLP

By: /s/ Ada W. Dolph
Ada W. Dolph

MC/abm